**FILED**
**Sep 01, 2023**
**02:07 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT GRAY

| | | |
|---|---|---|
| **DAVID ROY,** | ) | **Docket Number: 2022-02-0286** |
| **Employee,** | ) | |
| **v.** | ) | |
| **KENAN ADVANTAGE GROUP,** | ) | **State File Number: 56232-2020** |
| **Employer,** | ) | |
| **and** | ) | |
| **OLD REPUBLIC INS. CO.,** | ) | **Judge Brian K. Addington** |
| **Carrier.** | ) | |

## COMPENSATION ORDER

The Court held a compensation hearing on August 29, 2023, where Mr. Roy asked that the Court order Kenan to provide a panel of physicians for his right arm and shoulder injuries. Kenan did not dispute Mr. Roy is entitled to a panel. The parties agreed that no factual issues exist. For the reasons below, the Court holds Mr. Roy is entitled to a panel.

### Claim History

On August 24, 2020, Mr. Roy injured his right arm and shoulder when he slipped on the rung of a ladder. Kenan furnished medical treatment, including surgery, and the parties settled the claim. However, Mr. Roy's authorized physician declined to continue treatment.[1]

In May 2022, Kenan sent the first of a series of physician panels to Mr. Roy. Since that time, Mr. Roy has selected at least seven doctors from Kenan's panels, and all have declined to treat him.[2] Mr. Roy testified that his shoulder is still painful and he is concerned the pain is due to problems from surgery.

---

[1] Mr. Roy lives in Jonesborough, Tennessee.

[2] The denials mainly came after the chosen physician reviewed Mr. Roy's medical records.

1

Kenan does not dispute Mr. Roy is entitled to treatment, but it has experienced difficulties finding a physician. It does not oppose Mr. Roy finding a doctor that Kenan could add to a panel. For his part, Mr. Roy argued Kenan is responsible for finding a doctor, not him, and he is frustrated the process is taking so long.

### Findings of Fact and Conclusions of Law

At a compensation hearing, Mr. Roy must show by a preponderance of the evidence that he is entitled to the requested benefits. Tenn. Code Ann. § 50-6-239(c)(6) (2022).

The Workers' Compensation Law provides that, "the employer or the employer's agent shall furnish, free of charge to the employee, such medical and surgical treatment made reasonably necessary by accident [.]" Tenn. Code Ann. § 50-6-204(a)(1)(A).

Under section 50-6-204(a)(3)(A)(i) the employer must designate a group of three doctors "*if available* in the injured worker's community." (Emphasis added). If no physicians in Mr. Roy's community are willing to treat him, section 50-6-204(a)(3)(B) allows the employer to offer a panel of three physicians that are "within a one-hundred-twenty-five-mile radius of the employee's community of residence."[3]

Here, the parties agreed that Mr. Roy is entitled to lifetime medical treatment for his 2020 shoulder and arm injuries. Kenan has attempted to fulfill its obligation but has been unable to find a physician willing to see Mr. Roy.

Therefore, the Court holds that Kenan shall supply Mr. Roy a panel of physicians under sections 50-6-204(a)(3)(A)(i) or (a)(3)(B) who are willing to treat him.

**IT IS, THEREFORE, ORDERED** as follows:

1.  Kenan shall provide Mr. Roy a panel of physicians willing to treat his injury under Tennessee Code Annotated sections 50-6-204(a)(3)(A)(i) and 50-6-204(a)(3)(B).

2.  Kenan shall pay the $150.00 filing fee within five days of entry of this order under Tennessee Compilation Rules and Regulations 0800-02-21-.06.

3.  Unless appealed, this order shall become final thirty days after entry.

4.  Kenan shall prepare and submit to the Clerk a Statistical Data Form (SD-2) within ten business days of this order becoming final.

---

[3] This statute does not limit physicians to those who practice in Tennessee.

5. Failure to comply with this order may lead to penalties.

**ENTERED September 1, 2023.**

/s/ Brian K. Addington
_____
**BRIAN K. ADDINGTON, JUDGE**
**Court of Workers' Compensation Claims**

**Appendix**

Exhibits:
1. Pre-Compensation Hearing Statement (Collective)
2. Supplemental Pre-Compensation Hearing Statement (Collective)

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Hearing Request
4. Scheduling Order

**CERTIFICATE OF SERVICE**

I certify that a copy of the Order was sent on September 1, 2023.

| Name | Certified Mail | Fax | Email | Service sent to: |
|---|---|---|---|---|
| David Roy, Employee | X | | X | 147 Old State Route 34 Unit 28 Jonesborough, TN 37659 shorelineshippers@gmail.com |
| Gerard Jabaley, Employer's Attorney | | | X | gjabaley@wimberlylawson.com aburge@wimberlylawson.com |

_____
**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov



<u>Compensation Order Right to Appeal</u>:

If you disagree with this Compensation Order, you may appeal to the Workers' Compensation Appeals Board.  To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the Compensation Order was filed.  When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal.  The Court Clerk will prepare the technical record and exhibits for submission to the Appeals Board, and you will receive notice once it has been submitted. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee.  A licensed court reporter must prepare a transcript, and you must file it with the Court Clerk *within fifteen calendar days* of filing the Notice of Appeal.  Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of filing the Notice of Appeal.  The statement of the evidence must convey a complete and accurate account of the testimony presented at the hearing.  The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board.  If the Appeals Board must review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.  You have *fifteen calendar days* after the date of that notice to file a brief to the Appeals Board.  *See the Rules governing the Workers' Compensation Appeals Board on  the Bureau's website*

**If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry.  Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____  ☐ Motion Order filed on _____

☐ Compensation Order filed on_____  ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____.

_____

*[Signature of appellant or attorney for appellant]*